IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:14-2181 |
| | ) | JUDGE SHARP/KNOWLES |
| | ) | |
| TRILEGIANT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff brought this pro se action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff's claims are set forth in his "Complaint and Jury Demand." Docket No. 1. He essentially claims that Defendants, or some of them, made an automated telephone call with a pre-recorded message to his cell phone in November 2014. The call did not identify the name, address, or telephone number of the entities responsible for the phone call.

The Clerk previously entered a default against Defendants Safe Data Trust, Inc., Exclusive Incentive Marketing, Inc., Douglas Freedman, Jason Stavitsky, and Verde Energy USA, Inc.[1] Docket No. 26. Plaintiff requested a Hearing to determine damages (Docket No. 21), and the Court held a damages Hearing on August 3, 2015. Plaintiff attended the Hearing and

---

[1] The undersigned subsequently vacated the default against Defendants Verde Energy USA, Inc., after Plaintiff filed a "Notice of Voluntary Dismissal" with regard to that Defendant. Docket No. 36.

testified under oath. Defendants[2] did not attend the Hearing, were unrepresented by counsel, and Plaintiff testified that none of these Defendants had contacted him with regard to the Hearing.

In the instant action, Plaintiff sues for only one telephone call. He testified, however, that the one telephone call contained numerous solicitations on behalf of Defendants. He also testified that he has received other telephone calls from or on behalf of the Defendants in this action.

Plaintiff avers that the one phone call he received violated two provisions of the TCPA. First, the call had a pre-recorded message, and Plaintiff concludes from this telephone call and others he has received on behalf of these Defendants that the telephone calls were automated. 47 U.S.C. § 227(b)(3) prohibits automated/pre-recorded calls to consumers' cell phones.

Second, Plaintiff avers that the call violated regulations promulgated pursuant to § 227(c) because it did not provide the name, address or phone number of the entities responsible for the phone call. 47 CFR § 64.1200(d)(4) provides, "A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

Section 227(b)(3)(B) provides for damages of $500 for each violation of § 227(b), but the Court may treble that amount in its discretion, if a defendant's violation is willful or knowing. Likewise, Section 227(c)(5)(B) provides for damages of $500 for each violation of regulations promulgated under § 227(c), which again can be trebled at the discretion of the Court if the

---

[2] Hereinafter unless otherwise indicated, the term "Defendants" will be used to refer to the defaulted Defendants, Safe Data Trust, Inc., Exclusive Incentive Marketing, Inc., Douglas Freedman, and Jason Stavitsky.

violation was willful or knowing. At the Hearing, Plaintiff requested total damages of $3,000.00.

The Court notes that § 227(c)(5) applies where a person "has received more than one telephone call within any 12-month period by or on behalf of the same entity." While Plaintiff received only one telephone call with regard to the instant Complaint, the Court concludes that his testimony regarding other calls he received by or on behalf of these same Defendants shows that Plaintiff received more than one telephone call within the requisite time period.

Finally, the Sixth Circuit has held that a single telephone call can violate both § 227(b) and § 227(c). *Charvat v. MTM, LLC, et al.,* 656 F.3d 440 (6th Cir. 2011).

The undersigned concludes that Plaintiff has shown willful and knowing violations of § 227(b) and § 227(c) with regard to the call at issue, and that he is entitled to damages in the total amount of $3,000.00. The Court recommends that a default judgment be entered for Plaintiff in this amount against the defaulted Defendants.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge